UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1-16-CR-119 |
| v. ) | |
| ) | Judge Mattice/Steger |
| KARL HOOD ) | |

**REPORT AND RECOMMENDATION**

### I. Introduction

Defendant Karl Hood is indicted as a felon in possession of a firearm and for possession with intent to distribute 28 grams or more of a mixture containing cocaine base in violation of 18 U.S.C. § 922(g) and 21 U.S.C. § 841(a)(1) and (b)(1)(B). He moves to suppress evidence of drug crimes found in his residence during execution of a search warrant, statements made to officers during the search, and statements made during recorded phone calls at the county jail subsequent to his arrest [Doc. 19]. Defendant contends the affidavit used to secure the warrant lacks probable cause and all evidence found in his residence and his statements made during the search warrant and subsequent to the search must be suppressed as fruit of the poisonous tree. Defendant also asserts his statements made during the search were made while Defendant was in custody, in response to interrogation, and without the benefit of *Miranda* warnings. Therefore, such statements should be suppressed for that reason as well.

For the reasons stated herein, it is **RECOMMENDED** that Defendant's motion to suppress be **GRANTED in part** and **DENIED in part**.

## II. Statements Made During Execution of the Search Warrant

The undersigned held an evidentiary hearing on Defendant's motion to suppress on March 16, 2017. The sole purpose of the hearing was to address whether incriminating statements made by Defendant regarding firearms and cocaine found in his residence should be suppressed. The basis for suppression of the statements is that law enforcement failed to give Defendant *Miranda* warnings before interrogating him while he was in custody during the execution of the search warrant on August 24, 2016, at 2615 Lockwood Drive, Chattanooga, Tennessee. The government conceded Defendant was in custody and no *Miranda* warnings had been given at the time Defendant made his incriminating statements; however, the government contended the statements were spontaneous, voluntary utterances.

Following the evidentiary hearing, the government withdrew its opposition to this portion of Defendant's motion to suppress stating, "the United States does not object to the suppression of the aforementioned statements [relating to firearms and cocaine] that were made during the execution of the search warrant and will not introduce them in its case-in-chief" [Government's Supplemental Response, Doc. 28 at 2]. I will, therefore, recommend that Defendant's motion to suppress be granted with respect to statements Defendant made on August 24, 2016, during the execution of the search warrant for 2615 Lockwood Drive.

## III. Evidence Found During the Execution of the Search Warrant and Defendant's Statements on September 13, 2016

During the execution of the search warrant at Defendant's residence on August 24, 2016, law enforcement found firearms, crack, powder cocaine, pills, cash and drug paraphernalia. Defendant was arrested and taken to the Hamilton County, Tennessee jail where, on September 13, 2016, he made two phone calls from the jail facility using the jail phone system. Both calls

2

were recorded and Defendant made inculpatory statements during these calls. Defendant contends that the recordings of these phone calls should be suppressed.

Defendant does not contend that the recording of his phone calls from the jail was, by itself, a violation of his Fourth Amendment rights. During the evidentiary hearing on Defendant's motion to suppress, Special Agent Adam Baldwin of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified concerning Defendant's jailhouse phone calls. More specifically, Special Agent Baldwin stated that, in 2016, he was assisting local law enforcement with the investigation of Defendant. According to Special Agent Baldwin, when a call is placed from or received by a Hamilton County jail inmate, a pre-recorded warning is played at the beginning of the call advising the participants that the call may be recorded. He verified that this warning was given in advance of both phone calls made by Defendant on September 13, 2016. Consequently, when Defendant engaged in those telephone conversations, he had full knowledge that his conversations were subject to being recorded.

Defendant's sole argument for suppressing the recorded jailhouse calls is the same argument he makes to suppress the evidence obtained from the search of his residence. In both instances, Defendant contends the affidavit used to obtain the search warrant lacked probable cause and should never have been issued. Consequently, he argues, all evidence found at the residence pursuant to the August 24 search, as well as the September 13 recorded phone calls, should be suppressed as fruit of the poisonous tree. Defendant's arguments, therefore, are entirely reliant on the validity of the search warrant, a discussion of which follows.

Investigator Charles Ballard with the Chattanooga Police Department (CPD) prepared and signed the affidavit used to obtain the search warrant at issue in this case. This affidavit provided as follows: Ballard is assigned to the narcotics division of CPD and has "specialized

3

training in and experience with the world of controlled substances" [Aff. ¶ 1]. On July 28, 2016, Ballard received information from a confidential informant (CI) that "Carl Hood is selling crack cocaine from 2615 Lockwood Street" [*Id.* ¶ 2]. According to the CI, within the last 72 hours, the CI was on the premises of 2615 Lockwood Street and saw crack cocaine in the possession and control of one Carl Hood, a black male approximately 5'6" tall, medium build with a short to bald haircut [*Id.* ¶ 3]. The CI informed Ballard that there was short term traffic at this address consistent with drug sales, and Ballard confirmed this averment with his own observations [*Id.* ¶ 4-5]. The affidavit further states:

> The said informant has made one controlled buy from the above said address for your affiant, with this buy occurring within the last 72 hours. The following controls were in place: Under the direction and control of your affiant, the said informant was physically checked or searched by your affiant for any type of contraband, your affiant found none on the informant who was visually monitored entering the premises. The informant conducted the hand to hand drug transaction, specifically money for crack cocaine. Your affiant then observed the informant leave the said premises. Your affiant, close in time thereafter personally retrieved from the informant crack cocaine purchased by the informant and suspected to be crack cocaine. Your affiant personally inspected the crack cocaine and found it to match in color, texture, shape, and odor the controlled substance known as crack cocaine. Your affiant followed appropriate procedures or safeguards which ensured that the currency supplied to the informant prior to the purchase was spent as directed, and your affiant again physically checked or searched the informant and found no other contraband on the informant. This purchase was made by the informant, the informant made no stops or had no contact with any individuals before handing crack cocaine to your affiant.

[*Id.* ¶ 6]. Ballard stated he had known the CI for thirteen years and that, on at least three occasions in the past, the CI had provided to him information leading to the arrests and convictions of individuals in violation of narcotics laws including crack cocaine [*Id.* ¶ 7-8].

Defendant asserts the affidavit is insufficient to support probable cause to issue the search warrant because: (1) the affidavit does not state that the identity of the CI was revealed to the issuing magistrate; (2) the affidavit does not reveal the CI's criminal history or motivation for

4

acting as a CI; (3) the controlled buy was not recorded; (4) the affidavit does not indicate the substance believed to crack was weighed or tested; and (5) the affidavit does not indicate how long the residence was observed and how many people visited the residence during this time. Before addressing Defendant's five specific bases for arguing that insufficient probable cause existed to support the search warrant in this case, I will first discuss the general foundational requirements for probable cause necessary to support a search warrant.

### A. General Basis for Probable Cause

The Fourth Amendment provides no warrant shall issue but upon probable cause, supported by oath or affirmation ...." U.S. Const. Amend IV. To establish probable cause to justify a search warrant, an affidavit must set forth facts which indicate "a fair probability exists that evidence of a crime will be located on the premises of the proposed search." *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (internal citations omitted); *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005). The Court must consider the totality of the circumstances as set out in the four corners of the affidavit. *Illinois v. Gates*, 462 U.S. 213, 230 (1983) (totality of the circumstances standard); *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 565 n. 8 (1971) (Court limited to review of affidavit itself). The court reviewing a search warrant affidavit is to avoid a "grudging or negative attitude" toward a warrant or a "hypertechnical critique" of a warrant and accord the magistrate's determination of probable cause "great deference." *United States v. Allen,* 211 F.3d 970, 973 (6th Cir. 2000) (*en banc*).

Where an affidavit relies upon hearsay information from a confidential informant to supply probable cause, "a court must consider the veracity, reliability, and the basis of knowledge of that information as part of the totality of the circumstances for evaluating the

5

impact of the information." *Frazier*, 423 F.3d at 532 (quoting *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003)). Independent police corroboration of a confidential informant's story is not required to support probable cause unless the affidavit lacks indicia of the informant's reliability, in which case "courts insist that the affidavit contain substantial independent police corroboration." *Frazier*, 423 F.3d at 532; *United States v. Crumpton*, 824 F.3d 593, 616 (6th Cir. 2016) ("At the same time, independent corroboration of the tip by police is not required when the court is provided assurances that the informant is reliable. In such cases, the affiant need only attest with some detail that the informant provided reliable information in the past") (internal citations omitted); *United States v. Thomas*, 605 F.3d 300, 307 and 308 n. 5 (6th Cir. 2010) ("when an affidavit indicates the reliability of the informant, the tip *on its own* can be sufficient to support probable cause") (emphasis original).

### B. Defendant's Arguments for Insufficient Probable Cause.

#### i. Identity of Confidential Informant not Revealed to Issuing Magistrate

There is no requirement that the name of the confidential informant be given to the issuing magistrate. *Crumpton*, 824 F.3d at 616 ("there is no requirement that an informant be named either in the affidavit or the search warrant. Instead, the affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable") (internal citations omitted). The affidavit in the instant case provides ample information to believe there was a fair probability that crack cocaine would be found at 2615 Lockwood Street. An informant, who had proved reliable in the past, reported that within the last 72 hours, he had seen crack cocaine at the Lockwood address. Police corroborated this information through a controlled buy, using all the normal precautions to insure the CI's controlled buy was genuine.

6

### ii. Affidavit Does not Reveal the Confidential Informant's Criminal History or Motivation for Acting as an Informant

Defendant cites no authority for his argument that the criminal background of a confidential informant should be given in an affidavit. "The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *Allen,* 211 F.3d at 975. A confidential informant's credibility is sufficiently shown if the confidential informant has given reliable information to the affiant in the past leading to arrests and convictions:

> This Court has repeatedly held that an affidavit that furnishes details of an informant's track record of providing reliable tips to the affiant can substantiate the informant's credibility, such that other indicia of reliability may not be required when relying on the informant's statements. *See Allen,* 211 F.3d at 976 (no independent corroboration needed where the informant was known to the magistrate and the affiant averred to the informant's reliable tips in previous criminal matters with the same officer over the past five years); *May,* 399 F.3d at 824–25 (informant whose identity was known to the affiant and who the affiant averred had provided assistance in unrelated drug cases was deemed reliable notwithstanding the affiant's failure to disclose his identity to the magistrate); *Helton*, 314 F.3d at 821 (finding statements of an informant may be treated as trustworthy and reliable without corroboration, based on the informant's track record of previously providing information for three searches and sixteen arrests); *United States v. Moore*, 661 F.3d 309, 313 (6th Cir.2011) (affirming a finding that an informant was deemed reliable based on (1) the informant having previously provided the affiant information that led to two drug seizures, and (2) the informant's statements that he had personally seen drugs at the place to be searched).

*United States v. Neal*, 577 F. App'x. 434, 441 (6th Cir. 2014).

### iii. Controlled Buy was not Recorded

There is no requirement that a controlled buy be recorded, and Defendant has cited no authority in support of that argument.

7

### iv. Affidavit does not indicate the substance believed to be crack was weighed or tested

Defendant cites no authority for the assertion that a suspected illegal drug purchased in a controlled buy must be weighed or tested to establish probable cause for a search warrant. In this case, the affiant, who had experience and training with illegal drugs, sufficiently identified the substance obtained in the controlled buy as cocaine based on its color, texture, shape, and odor.

### v. Affidavit does not indicate how long the residence was observed and how many people visited the residence

Defendant cites no authority for his argument that the affidavit in support of the search warrant must specify how long the residence was observed and/or how many people visited the residence while it was being observed. In the instant case, while the law enforcement officer who executed the affidavit did not indicate specifically how long the residence was observed or precisely how many people visited the residence, he verified that a confidential informant had seen crack cocaine in the Lockwood residence within the past 72 hours. He represented that the confidential informant was credible, having provided reliable information in the past leading to arrests and convictions for drug crimes including for crack. In addition, the affiant had fresh corroboration of the confidential informant's information, *i.e.,* the controlled buy. The informant represented that there was short term traffic at the residence, which traffic was consistent with known drug houses in the area. The affiant surveilled the residence long enough to observe short term traffic at that location. He further conducted surveillance to watch the confidential informant enter and leave the premises during the time that the controlled buy took place.

## IV. Conclusion

Based on the totality of the circumstances, I find that the affidavit supports probable cause for the search warrant of 2615 Lockwood Drive. Given the validity of the search warrant,

8

there is no reason to suppress the evidence obtained during the search of the residence on August 24, 2016, nor is there any reason to suppress the recorded statements made by Defendant during telephone calls that he made from the Hamilton County jail on September 13, 2016.

For the reasons stated herein, it **RECOMMENDED** that Defendant's Motion to Suppress be **GRANTED in part** and **DENIED in part** as follows:

1. Defendant's statements made at his residence during the August 24, 2016 execution of the search warrant be suppressed;

2. Evidence found at 2615 Lockwood Drive during the search which took place on August 24, 2016, not be suppressed; and

3. Recorded statements Defendant made during telephone calls that he made from the Hamilton County jail on September 13, 2016, not be suppressed.[1]

**ENTER.**

s\ *Christopher H. Steger*
CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).